**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>STIMWAVE TECHNOLOGIES INCORPORATED, et al.[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 22-10541 (TMH)<br><br>(Jointly Administered) |
| GARY PERRYMAN<br><br>                                    Plaintiff<br><br>            v.<br><br>STIMWAVE TECHNOLOGIES, INC., STIMWAVE LLC<br><br>                                    Defendants. | Adv. Proc. No. 23-50750 (TMH) |

**MEMORANDUM OPINION**

Province, LLC, as Liquidating Trustee for the SWTI Liquidating Trust (the "Liquidating Trustee"), has moved to dismiss the complaint (the "Complaint") [D.I. 1][2] in this adversary proceeding because of lack of service.[3] Plaintiff Gary Perryman ("Mr. Perryman") has stipulated that he did not serve the Complaint on the defendants. In addition, even if he had not so stipulated, any attempts at service

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include Stimwave Technologies Incorporated (7426) and Stimwave LLC (5018). The Liquidating Trustee is the successor in interest to the Reorganized Debtors, and its mailing address is Province, LLC, Attn: Amanda Demby, 2360 Corporate Circle, Suite 340, Henderson, NV 89074.

[2] All references to docket numbers are in this adversary proceeding except where indicated that they are found in the main case.

[3] Liquidating Trustee's Motion to Dismiss Complaint for Lack of Service (the "Motion to Dismiss") [D.I. 18]. Because the Liquidating Trustee seeks dismissal only on these grounds, the Court does not address any other grounds upon which dismissal would appear to be appropriate.

that he may have made were defective. For the reasons described below, the Court grants the Motion to Dismiss, and such dismissal is with prejudice.

I.   Background

Because the Liquidating Trustee seeks dismissal of the Complaint on the narrow grounds of lack of service, this discussion of the factual background addresses only the facts necessary to determine the Motion to Dismiss.

Mr. Perryman alleges that was he was a director of defendants Stimwave Technologies Incorporated ("Technologies") and Stimwave LLC ("Stim LLC") (collectively, the "Debtors") beginning in July 2013.[4]

On June 15, 2022, the Debtors commenced these cases by filing petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. On March 21, 2023, this Court entered its Findings of Fact, Conclusions of Law and Order [Main Case D.I. 791] Confirming the Second Amended Joint Plan of Liquidation of Stimwave Technologies Incorporated and Stimwave LLC Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") [Main Case D.I. 768]. The Plan became effective on May 31, 2023 [Main Case D.I. 922]. Under the Plan, a liquidating trust was established, and the Liquidating Trustee was appointed.

On June 27, 2023, Mr. Perryman, as the sole member of LTP Limited LLC ("LTP"), filed a proof of claim against Technologies that appears on the claims register in these cases as claim number 105 ("Claim 105"). LTP filed Claim 105 as a

---

[4] Complaint ¶ 1.

general unsecured claim arising out of indemnification rights for legal fees. On July 13, 2023, LTP assigned the Claim to Mr. Perryman [Main Case D.I. 975].

On April 15, 2023, the Liquidating Trustee objected to Claim 105 on the basis that it does not appear in the Debtors' books and records.[5]

On October 25, 2023, Mr. Perryman commenced this adversary proceeding by filing the Complaint. By the Complaint, Mr. Perryman sought payment of the very claim subject to the Claims Objection.

In connection with the Complaint, Mr. Perryman filed an Amended Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons") [D.I. 2]. The summons is undated and does not bear the signature or seal of the Clerk of the Bankruptcy Court.

Mr. Perryman also filed a Certificate of Service [D.I. 3] that purports that service of the Summons and Complaint was made by Michael Perryman by "Certified Mail Service (FEDEX) on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant as Stimwave LLC, 1310 Park Central Blvd South, Pompano Beach, FL 33064." The Certificate of Service was signed by Gary Perryman and dated October 23, 2023, which was two days before he filed the Complaint.

Mr. Perryman then filed a motion to withdraw the reference (the "Withdrawal Motion") [D.I. 4]. The Withdrawal Motion was docketed in the United

---

[5] Third Omnibus Objection to Claims (Non-Substantive) (the "Claims Objection") [Main Case D.I. 1147].

States District Court for the District of Delaware as Civil Action Number 23-cv-01322.

Mr. Perryman, his wife, Laura, son Brandyn, and certain business entities connected with them have filed numerous claims, transfers of claim, motions, complaints and other pleadings in connection with these cases.[6] On November 29, 2023, in the hopes of resolving all outstanding disputes regarding the Perrymans, the Debtors' estates, and the Liquidating Trust, the parties agreed, among other things, (i) to a stay of all pending matters, (ii) that the Perrymans would not file any further proceedings, and (iii) that the disputes would be mediated by the Hon. Christopher S. Sontchi (ret.).[7] On November 30, 2023, this Court entered an order (the "Stay Order") approving the stipulation [Main Case D.I. 1036].[8]

The Stipulation addresses this adversary proceeding, reciting the following:

**The Gary Perryman Adversary Proceeding (Adv. Proc. No. 23-50750-TMH).** On October 25, 2023, Gary Perryman commenced an adversary proceeding setting forth substantially the same claims against the estate as are set forth in D.I. No. 976.[9] The complaint and summons have not been served on the Liquidating Trustee.[10]

---

[6] These filings and some of the Perrymans' conduct has led to the imposition of sanctions. See In re Stimwave Techs., Case No. 22-10541 (TMH), 2024 LEXIS 417 (Bankr. D. Del. Feb. 21, 2024).
[7] Stipulation Between Liquidating Trustee for the SWTI Liquidating Trust and Laura, Gary and Brandyn Perryman Regarding Selection of Mediator and Participation in Mediation (the "Stipulation") [Main Case D.I. 1034].
[8] The Perrymans, after extensive delay, refused to cooperate with the mediator, and on January 16, 2024, I granted the mediator's request to withdraw as the court-appointed mediator [Main Case D.I. 1081]. On April 3, 2024, I vacated the Stay Order [Main Case D.I. 1144].
[9] Main Case D.I. No. 976 is Mr. Perryman's Motion for Allowance and Payment of Indemnification Administrative Expense Claim for Legal Fees from June 15, 2022 through June 30, 2023, which seeks substantially the same relief set forth in Claim 105 and the Complaint.
[10] Stipulation ¶ (B)(vii).

Mr. Perryman affixed his signature to the Stipulation on November 29, 2023 by using DocuSign, affirming his stipulation and agreement to the contents of the Stipulation.[11]

Notwithstanding his stipulation and agreement that the Summons and Complaint were not served on the Liquidating Trustee, on July 8, 2024, Mr. Perryman filed his Motion for Entry of Default by Clerk (the "Default Motion") [D.I. 16]. In the Default Motion, Mr. Perryman represented that:

> Service was made by summons issued on October 25, 2024 [sic] on the Defendant(s), in compliance with Federal Rules [sic] of Bankruptcy Procedure 7004, by serving Stimwave Technologies Inc., 1310 Park Central Blvd. South, Pompano Beach, FL 33064 and the Trustee Province LLC, c/o Amanda Demby, 2360 Corporate Circle, Suite 340, Henderson, NV 89074.[12]

On July 12, 2024, the Default Motion was denied [D.I. 17].

On July 19, 2024, the Liquidating Trustee filed the Motion to Dismiss. Mr. Perryman did not object to the Motion to Dismiss. But on July 25, 2024, he filed what was styled as his Reply to Objection of Claim 66[13] and Claim 105, Notice of Withdrawal of Claims Replaced by Adversary Proceeding (the "Perryman Response") [D.I. 21]. The Perryman Response does not address the Motion to Dismiss, and simply restates reasons why he believes that he is entitled to

---

[11] Id. at 8.
[12] Default Motion ¶ 2.
[13] On July 12, 2024, the Liquidating Trustee filed its Objection to Claim No. 66 Filed by Gary Perryman (Substantive) [Main Case D.I. 1228].

5

allowance of his claims. He also states that he was withdrawing claims number 66 and 105 because they were "replaced by" this adversary proceeding.[14]

On August 7, 2024, the Liquidating Trustee filed its Reply Brief in Support of Motion to Dismiss Complaint for Lack of Service (the "Reply") [D.I. 22].

In support of the Motion to Dismiss, the Liquidating Trustee advances four principal arguments. First, the Liquidating Trustee points out that Mr. Perryman stipulated that the Summons and Complaint were not served and is now barred by principles of quasi estoppel from contending otherwise. Second, the Liquidating Trustee points to its opposition to the Withdrawal Motion,[15] where the Liquidating Trustee stated that the Complaint had not been served. Third, the Liquidating Trustee argues that there is no signed summons on the docket, and therefore it could have not been effectively served. Finally, the Liquidating Trustee contends that the Certificate of Service is invalid because (i) it is dated two days before Mr. Perryman filed the Complaint and therefore could not have been served with the Summons and (ii) "it is not addressed in a manner that could effect service."[16]

---

[14] Perryman Response at 1 (introductory paragraph). On July 5, 2024, Mr. Perryman filed his Withdrawal of Claim, stating that Claim 105 was withdrawn. Under Rule 3006 of the Federal Rules of Bankruptcy Procedure, a creditor may not withdraw a proof of claim where there is a pending claim objection except on an order of the court after notice and a hearing. Mr. Perryman did not seek an order of the Court under Rule 3006. On August 19, 2024, I entered an Order Disallowing and Expunging Claim Nos. 66 and 105 [Main Case D.I. 1318].
[15] Liquidating Trustee's Answering Brief in Opposition to Plaintiff Motion to Withdraw the Reference of Adversary Proceeding Pursuant to 28 U.S.C. § 157(d) [D.I. 4, Civ. A. No. 23-cv-01322 (D. Del.)].
[16] Reply ¶ 11.

II.   Analysis

Federal Rule of Civil Procedure 4(m)[17] provides that a plaintiff must serve a defendant within ninety days after the complaint is filed. If the plaintiff fails to do so, the court must dismiss the action without prejudice or order that the time for service be made within a specified time. If the plaintiff can show good cause for its failure timely to serve the defendant, the court is required to extend the time for service.[18]

Mr. Perryman stipulated that he did not serve the Summons and Complaint. More than ninety days have passed since he filed the Complaint. He has made no argument, and offered no evidence, that his failure to serve the Summons and Complaint within ninety days was for good cause. Mr. Perryman is bound by his stipulation that he did not serve the Summons and Complaint. For this reason alone, the Motion to Dismiss is granted.

> a. The Doctrine of Quasi Estoppel Prevents Mr. Perryman from Changing Course and Now Arguing that the Summons and Complaint Were Served

Quasi estoppel is a doctrine that highlights the "duty of consistency."[19] It serves to prevent a party "from shifting to a contrary position touching on the same facts or transaction" and "the earlier position was then to the advantage of the [litigant] but that it is now to the [litigant's] advantage to shift his position."[20] This

---

[17] Fed. R. Civ. P. 4 is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7004.
[18] Fed. R. Civ. P. 4(m).
[19] In re Baker Hughes Inc., 215 F.3d 1297, 1301–02 (Fed. Cir. 2000).
[20] Id. at 1301 (quoting Union Carbide Corp. v. United States, 612 F.2d 558, 566 (Ct. Cl. 1979)).

doctrine applies to a misstatement of fact upon which the opposing party "reasonably relied."[21]

Mr. Perryman stipulated that he did not serve the Summons and Complaint, only to later abandon the Stipulation when he sought to have a default entered. Based on the Stipulation, the Defendants justifiably would have understood there to be agreement about the absence of service. The Defendants reasonably would have relied on the Stipulation in believing that they were under no obligation to respond to the Complaint. When the Liquidating Trustee noted in its objection to the Withdrawal Motion that the Defendants had not been served with the Summons and Complaint, Mr. Perryman stayed silent. Mr. Perryman cannot simply change course and assert that the facts are not as he previously stipulated, to the detriment of the Defendants.

   b.  The Summons Was Defective

The Motion to Dismiss also is granted because even if Mr. Perryman had served the Summons and Complaint, the Summons was defective. Under Rule 4(a)(1)(F) and (G), a summons "must . . . be signed by the clerk . . . and bear the court's seal."[22] The Summons was not signed by, and did not bear the seal of, the Clerk of the Bankruptcy Court. When a summons is not signed by the clerk of the court and the seal affixed, the consequence is dismissal.[23] As Ayers teaches, "[t]he

---

[21] Id. at 1302.
[22] Fed. R. Civ. P. 4(a)(1)(F) and (G).
[23] Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569–70 (3d Cir. 1996); see also In re JRV Grp. USA L.P., Misc. No. 22-120 (CFC), 2022 U.S. Dist. LEXIS 151890 (D. Del. Aug. 24, 2022) (relying on Ayers and ruling that, absent a signed and sealed summons, an extension of the time for service "serves no purpose.")

failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons."[24] Because there is no valid summons here, there would be "no purpose" in extending the time for service. Therefore, dismissal of the Complaint is with prejudice.[25]

  c. The Certificate of Service Does Not Credibly Record That Service Was Made on the Defendants

The Certificate of Service was dated two days before the Complaint was filed and, therefore, two days before the Summons could have been issued. The Summons and Complaint could not have been served before the Summons was issued.[26] The Court finds that the Certificate of Service is unreliable and provides insufficient evidence that service was made.

III. Conclusion

The Complaint was filed three-hundred days ago. Mr. Perryman has stipulated that he did not serve the Summons and Complaint. Even if he could overcome the preclusive effect of the Stipulation, the Summons and Certificate of Service themselves demonstrate that any attempts at service do not comply with Rule 4 and Rule 7004. The Court will grant the Motion to Dismiss, with prejudice.

Dated: August 20, 2024
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge

---

[24] Ayers, 99 F.3d at 569.
[25] In re JRV Grp., 2022 U.S. Dist. LEXIS 151890.
[26] The Court also notes that even if the Certificate of Service could evidence actual service, it does not indicate that service was made on Technologies. Instead, it records purported service on Stim LLC. Also, in the Certificate of Service, Mr. Perryman stated that the Summons and Complaint were served by "FEDEX." There is no provision made in Rule 4 or Rule 7004 for service by FedEx. Even if service had been attempted by FedEx, that service would be insufficient under Rule 4 and Rule 7004.